UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAJ PATEL, *The Excellent*, <br>           Plaintiff, <br><br>     v. <br><br> THE UNITED STATES, <br> THE PRESIDENT OF THE UNITED STATES, <br> JOE R. BIDEN, *The Honorable The Excellent, in all capacities*, <br> DONALD J. TRUMP, *The Honorable The Excellent in all capacities*, <br> THE STATE OF INDIANA, <br> BROWNSBURG POLICE DEPARTMENT, <br> THE STATE OF GEORGIA, <br> EMORY UNIVERSITY, <br> THE UNIVERSITY OF NOTRE DAME DU LAC, <br> BROWNSBURG COMMUNITY SCHOOL CORPORATION, <br> AJAY NAIR, <br> VERONICA SYRETIA ROOT MARTINEZ, <br> MARK MCKENNA, <br> AMY SPANOPOULOS, <br> JAKE BASKA, and <br> ASCENSION ST. VINCENT STRESS CENTER, <br>           Defendants. | No. 1:21-cv-002250-RLY-MG |

**ENTRY DISMISSING COMPLAINT**

    *Pro se* Plaintiff Raj Patel has filed a Complaint without prepaying the filing fee.

This Order addresses Plaintiff's Motion to Proceed *In Forma Pauperis* and screens

Plaintiff's Complaint.

**I.**      **Motion to Proceed *In Forma Pauperis***

1

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  28 U.S.C. § 1915(e).  While *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the $350.00 filing fee, the plaintiff remains liable for the full fees.  *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able.").   No payment is due at this time.

## II.     The Complaint

In this, Plaintiff's latest complaint filed in federal court,[1] he names as defendants the United States, the President and a former President of the United States, two States, a

---

[1] The court observes that Plaintiff is a frequent litigant in federal court.  A PACER query reveals that in addition to this case, Plaintiff has filed no fewer than sixteen separate actions in seven different United States District Courts. To date, these actions have spawned at least five appeals. *See Patel v. United States*, No. 1:21-cv-2263 (D.D.C. Sept. 8, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-16029 (D.N.J. Aug. 31, 2021) (dismissed on screening with leave to amend); *Patel v. United States*, No. 2:21-cv-628 (N.D. Ind. filed Aug. 24, 2021), *pending*; *Patel v. United States*, No. 1:21-cv-3376 (N.D. Ga. filed Aug. 18, 2021), *pending*; *Patel v. United States*, No. 1:21-cv-3335 (N.D. Ga. filed Aug. 16, 2021), *pending*; *Patel v. United States*, No. 21-cv-22729, 2021 WL 3603349, at *2 (S.D. Fla. Aug. 13, 2021) (dismissing Plaintiff's claims as "patently frivolous"); *Patel v. Biden*, No. 2:21-cv-1345 (D. Nev. Aug. 9, 2021) (dismissed as frivolous and "largely delusional"), *appeal pending*, 21-2155 (9th Cir.); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. filed Aug. 2, 2021), *pending*; *Patel v. Biden*, No. 21-cv-1076, 2021 WL 2882481, at *1 (D.D.C. July 2, 2021) (dismissed for failure "to proffer factual allegations that are plausible"), *pet. for writ of mandate dismissed*, No. 21-5153 (D.C. Cir. Aug. 6, 2021), *aff'd*, No. 21-5155 (D.C. Cir. Sept. 1, 2021), *pet. for reh'g en banc pending*; *Patel v. Martinez*, No. 3:21-cv-241 (N.D. Ind. Apr. 8, 2021), dismissed as implausible; *Patel v. Barr*, No. 1:20-cv-2567 (D.D.C. Nov. 12, 2020) (dismissed on plaintiff's motion); *Doe v. Trump Corp.*, No. 20-1706 (2d Cir. Oct. 9, 2020) (dismissing Patel's appeal of denial to intervene in other litigation), *cert. denied*, *reh'g denied*; *Patel v. Patel*, No. 1:20-cv-1772 (S.D. Ind. Sept. 1, 2020) (dismissed for failure to state a claim and lack of jurisdiction), *aff'd*, 834 Fed. App'x 244 (7th Cir. 2021) (warning of possible sanctions for filing frivolous appeals); *Patel v. Trump*, 1:20-cv-758 (S.D. Ind. Apr. 14, 2020) (dismissed as frivolous); *Patel v. Trump*, No. 1:20-cv-454, 2020 WL 819680, at *2 (S.D. Ind. Feb. 19, 2020) (dismissed as "frivolous and [] entitled to no further judicial time"); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-3441 (S.D. Ind. Nov. 13, 2018) (dismissed for lack of subject matter jurisdiction); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-3442 (S.D. Ind. Nov. 13, 2018) (dismissed for lack of subject matter jurisdiction noting "a complete absence of a plausible federal claim").

local police department, a local school corporation, a health care facility, former professors of his, and other individuals. Plaintiff's Complaint spans 37 pages.

Aside from details of his family and educational background,[2] Plaintiff's Complaint verges on the incomprehensible. Among other things, he asserts that he has been a victim of "battery/assault through a bio-stress weapon," (Filing No. 1, Pl.'s Compl. at 1), and that Donald Trump and others have appropriated his intellectual property—specifically his "word patterns"—by using "advance[d] weaponry" with the knowledge of the F.B.I. and C.I.A, (*id.* at 2, 11). Plaintiff complains of "interference of law school applications, interference with college applications, interference in academic coursework in middle school, high school, Emory University, and Notre Dame Law School, making me obese, interfering with my political subdivision incumbencies from 2009-2010, 2013-2014, and 2017, use of biological weapon and use of neuro-chemical weapon." (*Id.* at 3-4). Plaintiff relates that Notre Dame Law School denied his request for readmission in 2021 on the recommendation of the University Counseling Center. (*Id.* at 4). He claims that some of his law school professors used a bio-tech weapon against him and co-opted his word patterns. (*Id.* at 9, 10). Plaintiff asserts,

> Currently, I have a ringing sound inside my head, which causes the stress; counter-weapons also do not work, which are available either over-the-counter or prescription. The ringing sound is also what I hear when the terrorist approaches, rather than an alarm, it is the engagement of the same or another bio-tech weapon; the weapon can make it so it feels like I have

---

[2] Plaintiff relates that he graduated from Brownsburg Community High School, where he served as Student Body President from 2009-2010. (Pl.'s Compl. at 2). He then attended Emory University where he also served as Student Body President. (*Id.*). Plaintiff was selected as an ICLEO Fellow and was admitted to the University of Notre Dame Law School in 2015. (*Id.* at 11). In 2017, he took a leave of absence from law school and returned home to live with his parents. (*Id.* at 9).

3

>fainted and then woken up. Sometimes the ringing sound tries to erase what I have just heard; I can hear a rewind sound too. In addition, when a word pattern or other intellectual property (body language, demeanor, etc.) is taken from me and used by a President of the United States or a candidate for the Presidency of the United States, I get a notice in my person, which highlights the connection. The same is true for a few Hollywood movies and daytime soap opera episodes, during President Trump's presidency; white rings were disseminated from the soap opera screen into my eye and from Instagram account too. [Specifics redacted for national security purposes].

(*Id.* at 9-10) (redaction in original).

Plaintiff further recites that in December 2017, he was involuntarily admitted to a mental health facility where he was detained for 72 hours after he told his mother (while he was holding a gun) that he is a "constitutional executive and that I can display a gun, even shoot her if I wanted, without consequences (because I would be upholding the Treaty of Paris (1783) and the United States Privileges and Immunities Clause) . . . . " (*Id.* at 14).

Since filing his original Complaint, Plaintiff has filed fourteen amended complaints, (Filing Nos. 5, 12, 14, 15, 16, 17, 18, 19, 21, 23, 24, 25, 26, and 27), a proposed order seeking the imposition of punishment including the death penalty on his parents, (Filing No. 4), three motions for joinder of additional defendants, including recused Magistrate Judge Mark J. Dinsmore, (Filing Nos. 8, 13, and 20), two motions seeking an explanation of the recused judge's alleged conflict of interest, (Filing Nos. 9, 10), a motion for appointment of counsel, (Filing No. 11), and a motion requesting that the court notify him of filings in the case via email, (Filing No. 22).

    A.    **Screening Under 28 U.S.C. § 1915**

The court must dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006.). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). It is not enough for Plaintiff to say that he has been illegally harmed. He must also state enough facts in his complaint for the court to infer the ways in which the named Defendants could be held liable for the harm alleged. *Pro se* complaints such as Plaintiff's are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted). And at this stage, the court must accept all factual allegations as true.

"The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Iqbal*, 556 U.S. at 696; *see*

5

*also Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"). Complaints of this nature are frivolous and do not invoke the court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998); *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity).

    The court finds that this case is factually frivolous and is entitled to no further judicial time. *See Gladney,* 302 F.3d at 775 ("[W]hile a frivolous suit does not engage the jurisdiction of the district court to decide the merits of the suit, the court has jurisdiction to determine its jurisdiction, and its determination precludes the plaintiff from filing a new suit with the same jurisdictional defect."). Although the court is sympathetic to Plaintiff's apparently sincerely held belief that he is the object of a vast conspiracy to copy his word patterns through use of bio-stress weapons, Plaintiff cannot obtain the relief he needs in a federal court.

    Moreover, giving Plaintiff's Complaint a liberal construction, the court cannot discern within it any plausible federal claim against any defendant. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Plaintiff's amended complaints,

to the extent the court need consider them, fail to provide any clarity or add any plausible claims.

And finally, to the extent Plaintiff makes many of the same assertions he made in prior lawsuits which have been dismissed on the merits, his claims are barred by the doctrine of *res judicata*. *See Coleman v. Labor and Indus. Review Comm'n of Wis.*, 860 F.3d 461, 469 (7th Cir. 2017).

### III. Conclusion

Plaintiff's motion to proceed *in forma pauperis* (Filing No. 2) is **GRANTED**. However, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff's Complaint is factually frivolous, fails to state a claim upon which relief can be granted, and contains many claims barred by *res judicata*. Plaintiff's pending motions (Filing Nos. 8, 9, 10, 11, 13, 20 and 22) are **DENIED AS MOOT**.

Ordinarily, the court would give Plaintiff an opportunity to file an amended complaint before dismissal. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). However, such an opportunity is not necessary "where it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). Plaintiff has already amended his Complaint fourteen

times. The court concludes that any further amendment would be futile and leave to amend is unwarranted in this instance.

Plaintiff is admonished that "[f]ederal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 (1989) (internal quotation omitted). Plaintiff has already been warned by the Seventh Circuit that he may be sanctioned for filing frivolous appeals. *See Patel v. Patel*, 834 Fed. App'x 244, 245 (7th Cir. 2021). The court now reminds Plaintiff that the court has the authority to restrict his ability to file actions and to assess fines against him for filing frivolous cases. The court may elect to use this power if Plaintiff does not cease filing frivolous lawsuits.

Final judgment will now issue **DISMISSING THIS ACTION WITH PREJUDICE**.

**SO ORDERED** this 21st day of September 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

Raj Patel
1239 Spring Lake Drive
Brownsburg, IN 46112